

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2010

# In Re: William Keisling

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-1106

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: William Keisling " (2010). *2010 Decisions.* Paper 1904.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1904

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-095                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1106
_____

IN RE: WILLIAM KEISLING,

                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civ. No. 1:09-cv-02181)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 14, 2010
Before: BARRY, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 9, 2010)

_____

OPINION
_____

PER CURIAM

   In November 2009, Petitioner William Keisling filed a pro se civil action in the

Middle District of Pennsylvania.  On January 11, 2010, William Keisling petitioned this

Court for "Extraordinary Relief/Change of Venue" ordering the transfer of his civil action

to a District Court located outside of Pennsylvania.  For the reasons that follow, we will

deny the petition.

   Mandamus is a drastic remedy available only in the most extraordinary

circumstances.[1]  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  To obtain a writ of mandamus, a petitioner must satisfy three conditions.  First, he must "have no other adequate means to attain the relief he desires."  Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 380-81 (2004).  Second, he must show that his right to the writ is "clear and indisputable."  Id.  Third, the reviewing court must conclude that the writ is "appropriate under the circumstances."  Id.

Keisling's mandamus petition is a request to change venue. The express terms in 28 U.S.C. § 1404(a) provide that a federal district court may transfer civil actions from one federal district court to another.  While the Supreme Court has found that a federal court of appeals may effect a transfer by direct order where "unusual circumstances" require "extraordinary action," see Koehring Co. v. Hyde Constr. Co., 382 U.S. 362, 364-65 (1966), no such unusual circumstances appear based on Keisling's petition.  To the extent that Keisling may seek to disqualify the District Judges sitting in the Middle District of Pennsylvania based on alleged bias and prejudice, his petition does not establish that a reasonable person, with knowledge of all the facts, would conclude that the District Judges' impartiality might reasonably be questioned.  See 28 U.S.C. § 455(a); In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003).

Accordingly, we determine that Keisling has not met his burden of showing that he

---

[1] While Keisling labeled his filing as a "Petition for Extraordinary Relief/ Change of Venue," we may treat the filing as a mandamus petition.  See 28 U.S.C. § 1651; Nascone v. Spudnuts, Inc., 735 F.2d 763, 773 (3d Cir. 1984).

has no other adequate means to obtain the relief he seeks or that his right to issuance of the writ is "clear and indisputable."  As a result, we shall deny his mandamus petition.